IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATHWAYS MANAGEMENT SERVICES, LLC, PATHWAYS HOLDINGS, LLC, D/B/A HOLLAND PATHWAYS, AND SUNFLOWER WELLNES RETREAT, LLC,

*Plaintiffs,*

v.

NORTHSTAR HOSPITAL, et al.,

*Defendants.*

Case No. 24-1055-EFM-ADM

**MEMORANDUM AND ORDER**

Before the Court is Defendant Northstar Hospital's Motion to Set Aside Clerk's Entry of Default (Doc. 42). A Clerk's Entry of Default as to Northstar Hospital (Doc. 17) was entered for its failure to defend itself against Plaintiffs Pathways Management Services, LLC's, Pathways Holdings, LLC, d/b/a Holland Pathways', and Sunflower Wellness Retreat, LLC's original Complaint. However, Plaintiffs properly filed a First Amended Complaint against Northstar and numerous other Defendants. Because the First Amended Complaint supersedes the original Complaint, the Clerk's Entry of Default will be set aside and Northstar's motion is denied as moot.

**I.     Factual and Procedural Background**

On March 26, 2024, Plaintiffs filed their original Complaint against Northstar and several other defendants. Plaintiffs asserted various claims against Northstar arising from the misappropriation of confidential and proprietary information, including trade secrets.

Plaintiffs served Northstar via personal service on Northstar's registered agent on April 29. Northstar had until May 20, 2024, to file an answer or other responsive pleading. Northstar did not file an answer or other responsive pleading.

On May 31, 2024, Plaintiffs filed an Application for Clerk's Entry of Default. A Clerk's Entry of Default as to Northstar Hospital was entered on June 3, 2024. Northstar asserts it became aware of this lawsuit against it on June 25, 2024.

On September 13, 2024, Northstar's counsel entered its appearance. That same day, Northstar filed its Motion to Set Aside Clerk's Entry of Default. Plaintiffs filed their Response on September 27, 2024. Northstar filed a Reply on October 10, 2024.

Plaintiffs filed a First Amended Complaint against Northstar and numerous other Defendants on October 25, 2024.

## II.   Analysis

Northstar asks this Court to set aside the entry of default against it because it has shown "good cause" under Federal Rule of Civil Procedure 55(c). However, Plaintiffs filed a First Amended Complaint against Northstar and several other Defendants. Thus, the question before the Court is whether Plaintiffs' filing of the First Amended Complaint effectively moots Northstar's default as to the original Complaint.

It is well established that "[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect."[1] "Generally, an amended complaint moots any motion to dismiss directed at the original complaint."[2] Additionally, courts will look to an amended

---

[1] *Franklin v. Kan. Dep't of Corrs.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

[2] *Kansas v. Biden*, 2024 WL 2321096, at *1 (D. Kan. May 22, 2024).

complaint rather than the original complaint to determine jurisdiction in the case.[3] Thus, an amended complaint becomes the operative pleading in the case when it is filed.[4]

Consistent with this principle, this Court has held that a clerk's entry of default based on an original complaint must be set aside when an amended complaint is filed.[5] Moreover, district courts in other circuits routinely set aside a clerk's entry of default when an amendment complaint is filed and the default was based on the original complaint.[6]

Here, a clerk's entry of default was entered against Northstar for its failure to defend itself against Plaintiffs' original Complaint. On October 25, 2024, Plaintiffs filed a First Amended Complaint against Northstar and several other Defendants. Thus, on this date, the First Amended Complaint became the operative pleading in this case. The clerk's entry of default and Northstar's motion are directed towards the original Complaint, which is now a moot and inoperative pleading. Consequently, the Clerk's Entry of Default will be set aside and Northstar's motion is denied as moot.

**IT IS THEREFORE ORDERED** that Clerk's Entry of Default as to Northstar Hospital (Doc. 17) is **SET ASIDE**.

---

[3] *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007).

[4] *Camick v. Holladay*, 2018 WL 1523099 (D. Kan. Mar. 28, 2018), *aff'd*, 758 F. App'x 640 (10th Cir. 2018).

[5] *Id*.

[6] *See*, *e.g.*, *Anselme v. Griffin*, 2021 WL 2152512, at *3 (W.D. Va. May 26, 2021); *In re Gibbs*, 617 B.R. 736, 743 (Bankr. N.D. Ga. 2020); *Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019, at *6–11, *13–14 (E.D.N.Y. Mar. 5, 2014) (collecting cases); *Wahoo Int'l, Inc. v. Phix Dr., Inc.*, 2014 WL 6810663, at *3–4 (S.D. Cal. Dec. 2, 2014); *Winston v. City of Laurel*, 2012 WL 5381346, at *2 (S.D. Miss. Oct. 31, 2012); *Mercer v. Csiky*, 2010 WL 2671329, at *2, *4 (E.D. Mich. June 30, 2010).

**IT IS FURTHER ORDERED** that Defendant Northstar Hospital's Motion to Set Aside Clerk's Entry of Default (Doc. 42) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 27th day of November, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE