IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATHWAYS HOLDINGS, LLC, d/b/a
HOLLAND PATHWAYS, et. al,

    *Plaintiffs,*

v.

DIANNE SEIBEL, et. al,

    *Defendant/*
    *Counterclaim Plaintiff,*

v.

PATHWAYS HOLDINGS, LLC, d/b/a
HOLLAND PATHWAYS,

    *Counterclaim Defendant.*

Case No. 24-1055-EFM-ADM

**MEMORANDUM AND ORDER**

Before the Court is Counterclaim Defendant Pathways Holdings, LLC, d/b/a Holland Pathways' Partial Motion to Dismiss, or Alternatively, Motion to Strike (Doc. 34) and Motion to Dismiss for Failure to State a Claim (Doc. 72). Pathways Holdings asks this Court to dismiss Counterclaim Plaintiff Dianne Seibel's Amended Counterclaim for failure to state a claim, or alternatively, strike the Amended Counterclaim as an impertinent legal conclusion. For the following reasons, the Court denies Pathways Holdings' motions.

## I.     Factual and Procedural Background

From May 2021 until December 2023, Pathways Holdings employed Seibel as a regional clinical director. On March 26, 2024, Pathways Holdings, along with several other Plaintiffs, filed their original Complaint against Seibel and several other Defendants. Plaintiffs asserted various claims against Seibel arising from the misappropriation of confidential and proprietary information, including trade secrets.

On June 14, 2024, Seibel filed an Answer and asserted a counterclaim against Pathways Holdings. Pathways Holdings moved to dismiss Seibel's Answer and counterclaim on July 3, 2024.

Seibel filed an Amended Answer and Counterclaim on July 24, 2024. She claims that Pathways Holdings violated the Kansas Wage Payment Act ("KWPA") by withholding her wages, including a lump sum payment for accrued but unused paid time off. Seibel alleges that "Pathways Holdings' actions are done willfully in violation of the Kansas Wage Payment Act."

Pathways Holdings filed its Partial Motion to Dismiss, or Alternatively, Motion to Strike Seibel's Amended Answer and Counterclaim on August 7, 2024. On August 12, 2024, Seibel filed her Response. Pathways Holdings replied on August 26, 2024.

On October 25, 2024, Pathways Holdings, along with several other Plaintiffs, filed a First Amended Complaint against Seibel and numerous other Defendants. Seibel filed her Answer to the First Amended Complaint on November 15, 2024. Seibel's Answer re-incorporated her existing Amended Counterclaim against Pathways Holdings and did not alter it.

On December 6, 2024, Pathways Holdings filed a Motion to Dismiss for Failure to State a Claim. The motion to dismiss renewed Pathways Holdings' previous Partial Motion to Dismiss, or Alternatively, Motion to Strike and incorporates the previous briefing in full. Moreover, as

Seibel's Answer to the First Amended Complaint re-incorporated without alteration her previously filed Amended Answer and Counterclaim, Pathways Holdings' Partial Motion to Dismiss, or Alternatively Motion to Strike, was unchanged by the filing of the First Amended Complaint. That motion remains fully briefed and ripe for decision. As such, Pathways Holdings' December 6th Motion to Dismiss is denied as moot.

## II. Legal Standard

### A. Motion to Dismiss

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[4] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678–79.

plaintiffs' allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff 'ha[s] not nudged their claims across the line from conceivable to plausible.'"[7]

**B.      Motion to Strike**

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[8] Generally, motions to strike under Rule 12(f) are disfavored.[9] The party seeking to strike allegations has a high burden under Rule 12(f).[10] "The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[11] In addition, a Rule 12(f) motion should not be used to challenge factual support for allegations.[12] Finally, the decision on whether to strike material from a pleading lies within the court's discretion.[13]

### III.      Analysis

Pathways Holdings asks this Court to dismiss Seibel's Amended Counterclaim asserted against it, or, alternatively, to strike Seibel's allegation that Pathways Holdings acted willfully. The Court will first address Pathways Holdings motion to dismiss.

---

[6] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[8] Fed. R. Civ. P. 12(f).

[9] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

[10] *Spires ex rel. Est. of Spires v. Hosp. Corp. of Am.*, 2009 WL 10712981, at *3 (D. Kan. Mar. 26, 2009).

[11] *Nwakpuda*, 14 F. Supp. 2d at 1215 (citations omitted).

[12] *Id*. at 1216.

[13] *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) (citing *Resol. Tr. Corp. v. Scaletty*, 810 F. Supp. 1505, 1515 (D. Kan. 1992)).

A. **Pathways Holdings' Motion to Dismiss**

Seibel asserts that Pathways Holdings violated the KWPA in her Amended Counterclaim by withholding payment of her wages. The KWPA requires employers to pay employees all "wages due" to the employee at least once per month.[14] The Kansas Supreme Court has described that:

> The KWPA controls several aspects of wages and benefits for the Kansas worker that are not covered by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 (2012) et seq. The KWPA governs when wages must be paid, the manner in which they must be paid, and the circumstances in which wages can be withheld. The KWPA also requires employers to provide certain notice requirements with respect to the payment of wages and the provision of benefits. It provides for remedies and penalties for violation of its requirements.[15]

As such, the KWPA "does not provide plaintiffs with any substantive rights, but simply provides a mechanism for plaintiffs to recover wages due."[16]

In addition to recovering wages, plaintiffs may seek penalties against employers for willful violations of the KWPA.[17] K.S.A. § 44-315(b) provides in part:

> If an employer willfully fails to pay an employee wages as required by K.S.A. 44–314, and amendments thereto, or as required under subsection (a) of this section, such employer shall be liable to the employee for the wages due and also shall be liable to the employee for a penalty in the fixed amount of 1% of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the eighth day after the day upon which payment is required or in an amount equal to 100% of the unpaid wages, whichever is less.

---

[14] K.S.A. § 44-314(a).

[15] *Craig v. FedEx Ground Package Sys., Inc.*, 300 Kan. 788, 335 P.3d 66, 73 (2014) (citations and internal quotation marks omitted).

[16] *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011); *see also Larson v. FGX Int'l, Inc.*, 2015 WL 1034334, at *2 (D. Kan. Mar. 10, 2015) ("The KWPA thus provides a very general state-law mechanism for enforcing the payment of wages earned by employees.").

[17] K.S.A. § 44-315(b).

Thus, a penalty is only assessed under the KWPA if "an employer *willfully* fails to pay an employee wages."[18] " 'A willful act is one indicating a design, purpose, or intent on the part of a person to do wrong or to cause an injury to another.' "[19] "Whether an employer willfully failed to pay wages is a question of fact."[20] The statutory penalty will not be assessed against the employer when an "honest dispute arises over the amount of wages due."[21]

Here, Pathways Holdings' sole argument is that Seibel's KWPA counterclaim must be dismissed because Seibel fails to adequately plead that Pathways Holdings acted willfully. However, whether an employer acted willfully is only relevant when determining if a statutory penalty should be assessed under the KWPA. An employer's willfulness is not an element of a KWPA claim. Consequently, the Court denies Pathways Holdings' motion to dismiss.

C.   **Pathways Holdings' Motion to Strike**

Alternatively, Pathways Holdings asks this Court to strike Seibel's allegation that it acted willfully because it is a threadbare legal conclusion. The Court declines to strike Seibel's allegation in this case. Pathways Holdings has not shown that the allegation that it acted willfully has no relation to this case or that it is prejudicial to its case. As such, Pathways Holdings has failed to meet its high burden under Rule 12(f). Thus, the Court denies Pathways Holdings' motion to strike.

---

[18] *Id*. (emphasis added).

[19] *A.O. Smith Corp. v. Kan. Dep't of Hum. Res.*, 36 Kan. App. 2d 530, 144 P.3d 760, 769 (2005) (quoting *Holder v. Kan. Steel Built, Inc.*, 224 Kan. 406, 582 P.2d 244, 249 (1978)).

[20] *Coma Corp. v. Kan. Dep't of Lab.*, 283 Kan. 625, 154 P.3d 1080, 1093 (2007) (citing *Holder*, 582 P.2d at 249).

[21] *Id*. (quotation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff and Counterclaim Defendant Pathways Holdings, LLC, d/b/a Holland Pathways' Motion to Dismiss for Failure to State a Claim (Doc. 72) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff and Counterclaim Defendant Pathways Holdings, LLC, d/b/a Holland Pathways' Partial Motion to Dismiss, or Alternatively, Motion to Strike (Doc. 34) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE