#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATHWAYS MANAGEMENT SERVICES, LLC; PATHWAYS HOLDINGS, LLC, d/b/a HOLLAND PATHWAYS; and SUNFLOWER WELLNESS RETREAT, LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 24-1055-EFM-ADM<br>) |
| NORTHSTAR HOSPITAL, SCOTT FRANKEL, DIANNE SEIBEL, GLOBAL X HEALTH LLC, NORTHSTAR INTEGRATED CARE, LLC, SAMANTHA HARTLEY, DENNIS MARCH, GREGORY MARCH, and GUARDIAN LAW, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

### **PROTECTIVE ORDER**

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because Plaintiffs claim they have a vested interest in the preservation of the confidentiality of their proprietary and confidential business information, including trade secrets, which are the subject of this case. This case involves claims relating to

1

the Defendants' alleged misappropriation of Plaintiffs' claimed confidential and business information, including Defendants' alleged efforts and attempts to utilize Plaintiffs' proprietary information to create and establish a competing facility.  It is anticipated that the parties will seek discovery of Plaintiffs' claimed confidential and business information, as well as Defendants' claimed confidential and business information. The disclosure of a party's confidential and proprietary business records, financial statements and records, and trade secrets will damage that party's business by giving others an unfair business advantage through access to the confidential information.  The risk of harm to a party by the disclosure of its trade secrets and proprietary business information warrants limiting disclosure and/or use of the information.  Dissemination of a party's other business records, including internal emails, policies, procedures, and memos, which may reflect, discuss, or include employee expectations and requirements, business plans, operational information and strategies, and compensation structures could be harmful to that party's business and disclose confidential competitive information.  These are categories of business records for which efforts are made to maintain their confidentiality and preclude dissemination outside of Plaintiffs' and/or Defendants' respective organizations, and their dissemination outside of this litigation could cause competitive injury to the disclosing party if competitors are apprised of such information.  Additionally, the Court may limit the disclosure of confidential and personal information of non-parties to protect them from annoyance or embarrassment by the dissemination of nonpublic information.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and enters the following Protective Order:

1.    **Scope.**  All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived

therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible. The parties stipulate that by designating documents as "Confidential Information," as defined below, they do not waive any objection to production of the same. This Order is not intended to expand the scope of discovery as contemplated by Federal Rule of Civil Procedure 26.

2.    **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

i. Pathways' proprietary business records, including but not limited to nonpublic or proprietary information about Pathways, its employees, and/or its residents, agreements and/or contracts between Pathways and its residents or vendors, strategies and methods of operations, and internal policies;

ii. NorthStar Hospital LLC, Global X Health LLC, NorthStar Integrated Care, LLC, and Guardian Law (collectively, the "NorthStar Defendants") proprietary business records, including but not limited to nonpublic or proprietary information about the NorthStar Defendants, their employees, and/or their patients, agreements and/or contracts between Pathways and its residents or vendors, strategies and methods of operations, and internal policies;

iii. Employment information and personnel files;

iv. Financial statements and records;

v. Confidential or personal information of non-parties the disclosure of which could potentially cause harm; and

      **vi.**    Alleged trade secrets, including, but not limited to, confidential and proprietary details of Plaintiffs' and/or Defendants' operations; client contacts and related information; third-party vendor information, including hospital and agency representative information, referral sources, and benefit information; current and prospective client contact lists; recruiting information, employee lists; patient information; marketing materials and business plans; curriculum and treatment plans and strategies; prospective business development plans; audit and licensing protocols, procedures, results and corrective action plans; as well as policies, procedures, and internal manuals and handbooks.

Information or documents that are available to the public may not be designated as Confidential Information.

    **3.**    **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility.  A party may designate Confidential Information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when the information produced is so sensitive that it is likely, if disclosed to the opposing party, to substantially compromise the competitive position of the producing party or if the confidential documents contain sensitive trade secrets or other sensitive competitive or confidential information and disclosure to another party would result in harm to the disclosing party.

    As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the

substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential Information.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovering the inadvertent failure. Further, the inadvertent production of privileged material does not waive the attorney-client privilege or work product immunity. If the Receiving Party suspects that privileged materials have been inadvertently produced, the parties agree to confer. Such material shall be returned immediately, upon written request, to the Producing Party. Counsel for the Producing Party shall maintain unaltered copies of all materials returned pursuant to this provision. The return of such materials is without prejudice to any right to challenge the privileged or protected status of the materials.

5. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

    (a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

    (b) **Who May View Designated Confidential Information.** Except with the designating party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

     **i.**     The parties, including their employees, agents, and representatives;

     **ii.**     Counsel of record for the parties and their employees and agents;

     **iii.**     The court and court personnel, including any special master appointed by the court, and members of the jury;

     **iv.**     Court reporters, recorders, and videographers engaged for depositions;

     **v.**     Any mediator appointed by the court or jointly selected by the parties;

     **vi.**     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

     **vii.**     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

     **viii.**     The author or recipient of the document (not including a person who received the document in the course of the litigation);

     **ix.**     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

     **x.**     Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Who May View Designated Confidential Information -- Attorneys' Eyes Only.** Except with the designating party's prior written consent or prior court order, Confidential Information designated for Attorneys' Eyes Only may only be disclosed to:

     **i.**     Counsel of record for the Parties and their employees and agents;

     **ii.**     The court and court personnel, including any special master appointed by the court, and members of the jury;

     **iii.**     Any mediator appointed by the Court or jointly selected by the Parties;

     **iv.**     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, and those persons' staff working under their direct supervision, but only after such persons have

      completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound; and

  **v.** Other persons only upon consent of the producing party.

  **(d)** Pursuant to a "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation, counsel receiving the material so designated shall implement measures to ensure that his/her client does not see the document unless the producing party consents in writing to the disclosure or the court so orders.

  **(e)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

  **(f)** **Artificial Intelligence.** Confidential Information shall not be submitted to any open Generative AI tool (*i.e.* ChatGPT, Relativity aiR) or any substantially similar tool in which content or queries can or may be used to train models that are available to third parties not otherwise entitled to access Confidential Information pursuant to this Protective Order. Providing Confidential Information to an open tool is considered disclosure to a third party.

  To the extent that counsel intends to use a closed AI tool for Confidential Information, they must meet and confer with all counsel, prior to disclosing the information to that AI tool, regarding whether that AI tool offers the protections necessary for the Confidential Information. If the parties cannot reach an agreement, the party seeking to utilize the tool bears the burden to establish that the proposed AI tool has the necessary protections in place. A party that seeks to utilize an AI tool upon which the parties cannot agree may file a motion that identifies the proposed AI tool and sets forth in detail protections offered for the information, but must first arrange for a telephone

conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing such a motion. Until the court rules on the motion, all parties must continue to treat the materials as Confidential Information and not utilize the proposed AI tool.

Nonetheless, if the parties reach an agreement during conferral or if the court grants the motion, the receiving party shall make reasonably sure, before the receiving party submits the designating party's Confidential Information to a "closed" Generative AI tool, that (1) it can delete all produced information from the tool at the conclusion of this litigation, and (2) any Confidential Information provided to the tool cannot be used to train models available to third parties not subject to this Protective Order. The receiving party will be responsible for destroying such produced information from such tools at the conclusion of this litigation. Notwithstanding the above, counsel for the parties may retain copies of Confidential Documents solely for the purpose of defending ethical complaints or malpractice claims.

   **7.**  **Filing Confidential Information.** A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) complying with this court's under seal filing procedure set out in D. Kan. Rule 5.4.2. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only in accordance with D. Kan. Rule 5.4.2. If the party is permitted to file the requested documents under seal, only counsel of

record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

        **8.**      **Challenging a Confidential Designation.**  Any party may challenge the designation of any material or document as Confidential Information.  Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, but must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing such a motion.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

        **9.**      **Using Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

        **10.**      **Obligations on Conclusion of Litigation.**

           **(a)**      **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)** **Returning Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)** **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**11.** **Modification.** This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

---

[1] The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

12. **Enforcement.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13. **No Prior Judicial Determination.** This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14. **Persons Bound.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

16. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

18. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on attorney-client privilege or work product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 10 days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed

a violation of this Order. Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated January 23, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATHWAYS MANAGEMENT SERVICES, LLC; PATHWAYS HOLDINGS, LLC, d/b/a HOLLAND PATHWAYS; and SUNFLOWER WELLNESS RETREAT, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHSTAR HOSPITAL, SCOTT FRANKEL, DIANNE SEIBEL, GLOBAL X HEALTH LLC, NORTHSTAR INTEGRATED CARE, LLC, SAMANTHA HARTLEY, DENNIS MARCH, GREGORY MARCH, and GUARDIAN LAW, <br><br> Defendants. | Case No.: 6:24-cv-01055-EFM-ADM |

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges having read the Protective Order attached hereto and dated January 23, 2025, in the case captioned *Pathways Management Services, LLC, et al. vs. Northstar Hospital, et al.*, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____    _____
Signature